**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NUVANA MEDICAL INNOVATIONS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| TORNIER, INC. ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Nuvana Medical Innovations, LLC ("Nuvana") by its undersigned attorneys, as and for its Complaint against defendant Tornier, Inc. ("Tornier"), alleges as follows:

1. This is an action by Nuvana for infringement of United States Patent No. RE43,482 ("the '482 Patent"). A copy of the '482 patent is attached hereto as Exhibit 1.

## THE PARTIES

2. Nuvana is a South Carolina corporation with its principle place of business at 1153 Blackheath Court, Myrtle Beach, SC 29575

3. On information and belief, Tornier is a Delaware Corporation with a principle place of business at 10801 Nesbitt Avenue South, Bloomington, MN 55437.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, Title 35, United States Code §§101, et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

6. This Court has personal jurisdiction over Tornier based on its incorporation in Delaware. Minimum contacts exist with Delaware sufficient to satisfy the requirements of due process. On information and belief, Tornier regularly transact business in this District by, *inter alia*, selling and offering for sale products that infringe the '842 Patent.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

8. Doctor Thomas Chambers is an orthopedic surgeon and has been in practice since 1996. Prior to starting his practice, he completed internships in general surgery, residency in orthopedic surgery and a sports medicine fellowship. He also has a degree in Biomedical Engineering.

9. Doctor Edward Mikol is an orthopedic surgeon and has been in practice since 2000. Prior to starting his practice, he completed internships in general surgery, residency in orthopedic surgery, and a sports medicine and arthroscopic fellowship. He also has a degree in Computer Science.

10. Doctors Mikol and Chambers both did their orthopedic surgery residency at George Washington University Hospital, in Washington DC from 1991 through 1995.

11. During their orthopedic surgery residency, Drs. Mikol and Chambers learned about conventional techniques for treating fractures to the epiphyseal or metaphyseal portions of bones (i.e., the rounded ends at the top and bottom portions, and the portions adjacent thereto), in bones such as the humerus, femur, and other bones with a hollow medullary cavity. Conventional treatment techniques used a combination of a nail that was inserted lengthwise into the bone and screws that helped to hold the fractured bone in place. Drs. Mikol and Chambers were unsatisfied with the methodologies and tools available at that time to repair these types of bone fractures.

12. In 1994, Drs. Mikol and Chambers invented an improved apparatus and method to repair fractures in the metaphyseal or epiphyseal portions of humeral and similar bones. Over the next two years, Drs. Mikol and Chambers worked on their invention and retained an attorney to draft and file a patent application. That application was filed on April 25, 1996 and assigned to Nuvana shortly thereafter. The application issued on July 7, 1998 as U.S. Patent No. 5,776,194 entitled "Intermedullary Rod Apparatus and Methods of Repairing Proximal Humerus Fractures." ("the '194 Patent"). Related foreign patent applications were also filed and were later issued.

13. Over the several years after the '194 Patent issued, Nuvana approached various medical implant companies in an effort to commercialize their invention but was unsuccessful. Notwithstanding, fracture repair systems for humeral and other similar bones on

the market began to implement features set forth by Drs. Mikol and Chambers in their '194 patent.

14.     During the commercialization efforts, Drs. Mikol and Chambers were informed of various relevant prior art materials which were not known to them during the prosecution of the '194 patent.  Drs. Mikol and Chambers also became aware of other issues impacting claims in the '194 patent.

15.     To address these issues, on April 9, 2008, Nuvana filed a Reissue Application of the '194 Patent in the U.S. Patent Office.  During the reissue proceedings, the additional prior art materials were disclosed to and considered by the Patent Office.  The reissue application was subsequently granted and the '194 Patent was reissued on June 19, 2012 as Patent No. RE43,482 entitled "Intramedullary Rod Apparatus and Methods of Repairing Proximal Humerus Fractures."

16.     On September 12, 2012, Nuvana provided notice of its '482 Patent to Tornier via letter sent by Federal Express from the H.T. Than Law Group to Legal Department, Tornier, Inc., 10801 Nesbitt Avenue South, Bloomington, MN 55437.

## COUNT I
(Infringement of the '482Patent)

17.     Nuvana repeats and re-alleges paragraphs 1 – 16 hereof as if fully set forth herein.

18. On July 7, 1998, U.S. Patent No. 5,776,194 entitled "Intermedullary Rod apparatus and Methods of Repairing Proximal Humerus Fractures" was duly and legally issued to Edward Mikol and Thomas Chambers by the U.S. Patent Office. All rights, title and interest in the Patent were assigned to Nuvana which remains the sole owner.

19. On June 19, 2012, the '194 Patent was reissued by the U.S. Patent Office as Patent No. RE43,482 entitled "Intramedullary Rod apparatus and Methods of Repairing Proximal Humerus Fractures." Nuvana, by virtue of its sole ownership of the '194 Patent, became the sole owner of the '482 Patent and remains the sole owner of the '482 Patent

20. Tornier has infringed and continues to infringe one or more claims of the '482 Patent by making, using, and/or marketing products including its Aequalis IM Nail.

21. Tornier has also contributed to the infringement by others, including the end users of its Aequalis IM Nail, and continues to contribute to infringement by others, by selling, offering to sell, and importing the Aequalis IM Nail into the United States, knowing that this product constitutes a material part of the inventions of the '482 Patent, knowing this product to be especially made or adapted to infringe the '482 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

22. Tornier actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '482 Patent by making, using, offering for sale, importing, and selling its Aequalis IM Nail, as well as by contracting with others to use, market, sell, offer to sell, and import the Aequalis IM Nail, all with knowledge of the '482 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the Aequalis IM Nail; and with the knowledge and the specific

intent to encourage and facilitate those infringing sales and uses of the Aequalis IM Nail through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

23. Tornier has been on notice of the '482 Patent and its infringement since at least September 12, 2012 and also since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit tortious conduct by way of patent infringement.

24. On information and belief, Tornier's foregoing acts of infringement were and continue to be willful and deliberate.

25. As a result of Tornier's infringement, inducement of infringement and/or contributory infringement, Nuvana has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future.

## PRAYER FOR RELIEF

WHEREFORE, Nuvana prays for judgment and relief against Tornier as follows:

A. Declaring that Tornier has infringed, induced others to infringed, and/or committed acts of contributory infringement with respect to claims of the '482 Patent;

B. Directing that Tornier account for and pay to Nuvana all damages arising out of Tornier's infringement pursuant to 35 U.S.C § 284 in an amount to be determined but no less than a reasonable royalty;

C. Declaring that Tornier's infringement of the '482 Patent has been, and continues to be, willful and deliberate;

D. Awarding Nuvana enhanced damages for Tornier's willful infringement;

E. Directing Tornier to pay Nuvana's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

F. Awarding Nuvana pre-judgment and post-judgment interest on the damages awarded to it by reason of Tornier's infringement; and

G. Granting Nuvana such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Nuvana hereby demands trial by jury on all issues in its Complaint.

Dated:  May 13, 2013

FARNAN LLP

 /s/ Brian E. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Nuvana Medical Innovations, LLC*

Of Counsel:

Mitchell S. Feller
Jonathan M. Sobel
SOBEL & FELLER LLP
305 Madison Ave., Suite 1420
New York, NY 10165
212-308-0600